## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.Case No.: 2:07-cr-311-WKW** |
| | ) | |
| **DOMINICK JEFFERSON** | ) | |

### MOTION TO SUPPRESS AND CITATIONS OF AUTHORITY

**COMES NOW**, the Defendant, Dominick Jefferson, by and through undersigned counsel and pursuant to the Fourth and Fifth Amendments to the United States Constitution, and moves this Court for an Order suppressing all evidence and statements illegally seized as a result of the detention, interrogation, searches and seizures involving Mr. Jefferson and the residence in Troy, Alabama on or about February 28, 2007.

The evidence due to be suppressed includes but is not limited to: (a) any and all physical evidence seized from the house, its environs, and/or the person of Mr. Jefferson on February 28, 2007, (b) any and all statements made by Mr. Jefferson during or as a result of the illegal detention, interrogation, searches and seizures involving Mr. Jefferson and/or the residence, and (c) any other "fruit" of the illegal detention, questioning, searches and seizures.

### Facts

At a hearing on this motion, on information and belief, the defense would show the following facts:

1.     Mr. Jefferson was present at a home at which he had been residing in Troy,

Alabama on or about February 28, 2007.

2.      Law enforcement officers appeared at that home, apparently in search of someone other than Mr. Jefferson or any other resident of the home.  A woman, who was also not sought by the officers, was also present at the home.

3.      Law enforcement officers summoned Mr. Jefferson outside of the home.

4.      Law enforcement officers questioned Mr. Jefferson.

5.      Law enforcement officers searched Mr. Jefferson's person.

6.      Law enforcement officers entered and searched the residence.

7.      During the course of these searches, the law enforcement officers seized the Smith and Wesson firearm which is the subject of this indictment.

8.      The officers had no search warrant or other lawful authority to search Mr. Jefferson, the residence, or its environs.

9.      Mr. Jefferson did not consent to the search of his person,  or the residence, or the environs.

**Issues Presented**

1.      Mr. Jefferson's rights under the Fourth, Fifth and Fourteenth Amendments were violated by this  illegal detention, questioning, searches and seizures.

2.      The detention and questioning of Mr. Jefferson violated his Fourth Amendment rights because the detention and the questions posed during that detention were not authorized by any warrant or any exception to the Fourth Amendment requirement of a

warrant and were without any other lawfully authorized purpose.

3.     The detention and questioning of Mr. Jefferson violated his Fifth Amendment rights because the detention and the questions posed during that detention were not authorized by any warrant, were not pursuant to any knowing or voluntary waiver of Fifth Amendment rights, and were without any other lawfully authorized purpose.

4.     The searches of Mr. Jefferson and of the residence violated his Fourth Amendment rights because the searches were not authorized by any warrant or by any exception to the Fourth Amendment requirement of a warrant, and were without any other lawfully authorized purpose.

### Argument

The warrantless detention, questioning, searches and seizures were unreasonable and did not fall within any of the exceptions to the warrant requirements. Therefore, all evidence seized as a result of the unconstitutional detention, questioning, searches, and seizure must be suppressed.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

A residence enjoys special protection under the Fourth Amendment. The brief detention of persons permitted under *Terry v. Ohio* is not applicable to intrusions into the home. *See Arizona v. Hicks,* 480 U.S. 321, 328 (1987) (officer must have probable cause to search residence); *United States v. Davis,* 423 F.2d 974, 977 (5th Cir.), *cert. denied,* 400 U.S. 836 (1970) (personal residence is protected from unreasonable searches and seizures). Thus, a law enforcement officer must have both a warrant and probable cause before searching someone's home, in the absence of sufficiently exigent circumstances. *Hicks,* 480 U.S. at 328; *Coolidge v. New Hampshire,* 403 U.S. 443 (1971). Indeed, the Fourth Amendment prohibits a warrantless entry into a home even with probable cause, if the probable cause only relates to a minor offense. *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984).

Where a resident of a home is present and refuses to give his consent to the search of the residence, a warrantless search of the residence violates the Fourth Amendment, even if consent is given by another resident. *Georgia v. Randolph*, 547 U.S. 103 (2006). A warrantless, non-consensual search of a residence may also violate the Fourth Amendment rights of a guest in the residence. *Minnesota v. Olson,* 495 U.S. 91 (1990); *Jones v. United States*, 362 U.S. 257 (1960).

Under *Miranda v. Arizona,* 384 U.S. 436, 444 (1966), "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Assertion of a violation of *Miranda* entitles a

defendant to an evidentiary hearing. *United States v. Arbolaez*, 450 F.3d 1283, 1292 (11ᵗʰ Cir. 2006).

In the present case, Mr. Jefferson did not waive his Fourth or Fifth Amendment rights, and there were no circumstances supporting a lawful exception to these constitutional protections. Thus, he is entitled to suppression of all evidence resulting from these constitutional violations. *Wong Sun v. United States*, 371 U.S. 471 (1963).

**WHEREFORE,** Mr. Jefferson asks this Court enter an order prohibiting the use of all information, statements and items  seized, and all fruits thereof, during the events on February 28, 2007.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Dominick Jefferson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent Brunson,  Assistant U. S. Attorney.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Dominick Jefferson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

6