IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR311-WKW |
| | ) | |
| DOMINICK JEFFERSON | ) | |

BRIEF IN OPPOSITION OF MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the Court's Order dated March 26, 2008, the Government's Brief in Opposition of the Motion to Suppress is submitted:

Dominick Marcello Jefferson was indicted on December 5, 2007, in a one count indictment for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). He filed a motion to suppress the search of his home where the firearm was seized and any statement made as a result of his arrest. On March 26, 2008, a hearing on the suppression motion was held after which the parties were directed to file briefs on two issues: 1. Was Officer Ernsberger's seizure of the firearm consistent in the Fourth Amendment; and 2. Was defendant's statement that the gun was loaded consistent with the Fifth Amendment

At the suppression hearing, Troy, Alabama Police Officer Bryan Weed testified that he is assigned to Narcotics under a Drug Task Force, and on February 28, 2007, he and his partner, Officer Ernsberger, went to 163 Butler Drive in Troy which he testified was a mobile home. Officer Weed testified they observed a subject they knew to be associated with narcotics parked in front of the residence and the passenger went into the residence and after a couple minutes, the passenger came out. After the vehicle left the residence, the officers stopped it and the passenger stated he had

bought marijuana from the trailer he had been observed entering. The passenger said he bought the marijuana from a guy he knew as George. Officer Weed testified they had received information from different sources that a subject named George was selling narcotics in the community. The officers finished the traffic stop and went back to the residence at 163 Butler Drive to conduct a knock and talk. Officer Weed described a knock and talk as where they go to a residence and make contact with whoever is there, question them and confront them with the information the officers have, and see what the reply would be.

On this occasion, Ms. Webb came to the door and the officers talked with her outside the trailer. The officers asked to speak with George and she first said he had left. They continued to talk and Ms. Webb ultimately went back into the trailer and came back with the defendant. When the officers asked his name, the defendant responded Richard Lamont Jefferson and gave a date of birth. The officers determined the name and date of birth to be false and still believed his name to be George based upon the name given by the passenger in the vehicle and that Ms. Webb knew him as George.[1] During the questioning, Ms. Webb said his name was not George but was Richard Lamont Jefferson. Then Ms. Webb leaned over to the defendant and told him to just tell the truth. The questioning continued and the defendant continued to say his name was Richard Lamont Jefferson. The officers believed the defendant was obstructing their investigation so they placed him under arrest for Obstruction of Government Operations. This all occurred outside the trailer.

Officer Weed testified they smelled the odor of marijuana coming from the trailer when Ms. Webb opened the door. After the defendant was arrested, Officer Weed told her it would be best if

---

[1] This was denied by Ms. Webb who testified she had a boyfriend that lived with her but that George was not his name.

she had any marijuana to bring it to them.  She said she would and when she entered the trailer, Officer Ernsberger stepped up to the top step to observe her and when he did, he gave a code ten for a weapon.  He then stepped right inside the trailer door and recovered a silver revolver.  Officer Weed testified Officer Ernsberger went approximately two to three feet inside the trailer and when he came out, Officer Weed saw the silver revolver in his hand.[2]  Ms. Webb was still in the trailer when the gun was retrieved by Officer Ernsberger.  She then came back to the door with a small amount of marijuana for which she was not charged.

The motion to suppress also related to any statement made by the defendant.  This would include the defendant's response "Yes, it's loaded" when Officer Ernsberger went to secure the gun and asked if it was loaded.  It would also include the defendant's response when asked his name when being booked at the police station.  It is clear the defendant was under arrest when these statements were made and there was no mention at the suppression hearing of any advice of rights being furnished.

The Fourth Amendment provides that the rights of the people to be secure in their persons, houses, paper and affects, against unreasonable searches and seizures, shall not be violated.  Courts have catalogued several situations in which exigent circumstances exist, thereby dispensing with the search warrant requirement.  The exception is carefully applied to each factual scenario.  United States v. Santa, 236 F.3d 662 (11th Cir. 2000), recognized situations in which exigent circumstances exist include danger of harm to the police officers or the risk of loss or destruction of evidence.  United States v. Blasco, 702 F.2d 1315 (1983).  The test of whether exigent circumstances exist is

---

[2] Ms. Webb testified one of the officers picked something that looked like a firearm off the sofa and was four or five steps from the front door when he did so.

an objective one. United States v. Young, 909 F.2d 442 (11th Cir. 1990). Officer Ernsberger knew Ms. Webb was in the trailer after the defendant had been arrested outside. She had gone back into the trailer to retrieve the marijuana which remained in the trailer. While watching Ms. Webb for officer safety, Officer Ernsberger observed the pistol in plain view on the couch and retrieved it. As in United States v. Rodgers, 924 F.2d 219 (11th Cir. 1991), Officer Ernsberger knew at least one person was in the trailer and the firearm could pose a threat to the officers who had arrested the defendant. The seizure of the firearm was justified under the exigent circumstances exception of the Fourth Amendment warrant requirement.

Clearly, the defendant was in custody when the gun was found. Officer Ernsberger asked if it was loaded and the defendant stated, "yes, it's loaded." The United States submits that the defendant had not been advised of his rights when he made his response. However, the Supreme Court has carved out a "public safety" exception to Miranda. In New York v. Quarles, 467 U.S. 649 (1984), the court held that pre-Miranda questioning at the scene of an arrest regarding weapons, drug use, or other matters relevant to the safety of the officers or the public is permitted. This exception certainly applies here and defendant's statement is due to be permitted. In United States v. Sweeting, 933 F.2d 962 (11th Cir. 1991), the Eleventh Circuit held routine booking questions do not amount to interrogation. This is all that occurred when defendant gave his real name at the Troy Police station when he was being booked after his arrest and that information is not due to be suppressed.

Wherefore, premises considered, the United States submits Defendant's Motion to Suppress is due to be denied.

Respectfully submitted this the 31st day of March, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Kent B. Brunson
        KENT B. BRUNSON
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        334-223-7280 Phone
        334-223-7135 Fax
        E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR311-WKW |
| | ) | |
| DOMINICK JEFFERSON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman, Esq.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Kent B. Brunson
    KENT B. BRUNSON
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334-223-7280 Phone
    334-223-7135 Fax
    E-mail: kent.brunson@usdoj.gov